

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2450
Re: Payment of tuition and transporta-
tion aid to non-salary aid schools
under H. B. No. 933, Acts 46th
Legislature, Rural Aid Equalization
Law.

We are in receipt of your letter of June 24, 1940,
reading in part as follows:

"When a school district files the regular application
for aid and receives transportation within the district,
this Department has been approving sufficient salary aid
together with any necessary tuition to balance its budget.

"If a school accepts transportation aid within its
district, may it waive salary aid grants in order to collect
an unlimited amount of tuition even though such unlimited
tuition that it may be earning would more than balance
the budget? Or, would acceptance of transportation within
the district limit such school to a balanced budget whether
it be balanced with tuition or salary aid or the two com-
bined?"

The answers to your questions are controlled by the
proper construction of House Bill No. 933, Acts 46th Legislature,
1939, known as the Rural Aid Equalization Act.

Section 1 of House Bill No. 933, Acts 46th Legisla-
ture appropriates $6,825,827.00 per year for the biennium which
is allocated by Section 11 to "teacher salary aid," "high school
tuition," "transportation aid" and administrative expenses, in
specific amounts.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods, page 2

Section 13 providing for the application reads, in part, as follows:

"The trustees of the schools authorized to apply for Aid under the provisions of this Act shall send to the State Superintendent of Public Instruction on forms provided by said authority a list of the teachers employed in the schools showing the monthly salary, experience, and training of each, together with an itemized statement of budgeted receipts and expenditures, the length of term and such other information as may be required, and the State Superintendent, under the direction of the Joint Legislative Advisory Committee may, subject to the provisions of this Act, grant to the school such an amount of this fund as will, with the State and County available funds, together with the local funds, maintain the school for a term not to exceed nine (9) months for classified or affiliated high schools and approximately eight (8) months for unaccredited high schools; provided that if the school has sufficient State and County available funds to maintain the school for an eight (8) month term according to the salary schedule adopted by the State Board of Education for the school year 1938-1939 or with its local maintenance tax, to maintain the desired length of term, not to exceed nine (9) months, as provided in Section 8, it shall not be eligible to receive aid; provided further, that the county superintendent, subject to the approval of the State Superintendent of Public Instruction, shall approve all contracts with teachers, supervising officers, and bus drivers in all schools before such schools may be eligible to receive aid under any provisions of this Act. Provided, also, that all aid granted out of the funds herein provided shall be allotted only on the basis of need, based upon a proper budgeting of each district asking for any form of aid. The application shall be sworn to by the County Superintendent, president and secretary of the board of trustees of each of the schools applying for aid. All aid granted out of the funds provided shall be allotted only on the basis of need based upon an approved budget of each district asking for any form of aid, except as otherwise provided in this Act. All applications for aid authorized herein shall be on file with the State Department of Education not later than October 1 of each year of the biennium, and any school not filing such application before such date of each year shall not be eligible for aid for the current year and shall not be considered or approved for the type of aid applied for." (Emphasis added)

Section 16 contains the following provision:

". . . The amount of money granted for each type
of aid except high school tuition shall be set up as a
separate account by the district receiving same and
disbursements from said accounts shall be made only
for the specific purpose for which such money was granted.
. . . It is provided that all unused obligated balances
in Rural Aid Funds in any district on August 31, shall
be returned to the State Treasurer and by him credited
to the appropriation from which it came; . . ."

The maximum amount of teacher salary aid which may
be granted under the Act is based upon teacher-pupil load as
shown by net scholastics in the district, and budgeted receipts
and expenditures. Section 4.

Section 9 providing for high school tuition reads
in part as follows:

"It is hereby expressly provided that a sufficient
amount of funds allocated by this Act shall be used for
the payment of high school tuition not to exceed Seven
Dollars and Fifty Cents ($7.50) per pupil per month,
and in no instance shall more than five (5) months tuition
be paid for any one pupil on the census roll for any one
school year. High school tuition shall be paid according
to the provisions of House Bill No. 156, General Laws,
Regular Session, Forty-fourth Legislature, as amended,
and subject to the limitations and restriction provided
in this Act. <u>In the event a receiving high school has
its budget balanced with Salary Aid, there shall be
deducted from the Salary Aid grant of such school any
amount of tuition collected from sending districts, and
all such collections shall be included in the revenue
section of the State Aid application.</u> Such revenues
shall include the total tuition received for the preceding
school year by such school districts. <u>In no event shall
any salary aid school receive tuition aid in any amount
which, together with the salary aid granted, exceed the
budgetary need as indicated by the approved State aid
applications.</u> . . ." (Emphasis added)

Honorable L. A. Woods, page 4

House Bill No. 158, General Laws, Regular Session, 44th Legislature (Art. 2922l (1), Vernon's Texas Civil Statutes) provides for the transfer of a high school student to another district when his grade is not taught at home, at the expense of the home district, "if such district as determined by its budgeted expenditures according to the General Budget Law is financially able to provide tuition, or otherwise at the expense of the State of Texas." The receiving district is paid the State and County per capita apportionment for the student, or its equivalent, and when this sum is exhausted it may charge tuition at a rate to be fixed by the local board, "such rate to be based upon the budgeted expenditures for maintenance of the high school grades of the receiving district for the current school year, exclusive of bonds and interest thereon." The Act also contains the following provision:

"Provided, any obligation of the State of Texas as herein referred to in this Act shall be paid from the rural aid fund from the sum or sums set aside for rural high school tuition in said law. It is further provided that in no instance shall the State be obligated to pay out of the funds appropriated for this purpose a tuition rate in excess of Seven Dollars and Fifty Cents ($7.50) per month per pupil."

Section 10 of the 1939 Rural Aid Equalization Bill reads in part as follows:

"The County Superintendent and County School Boards of the several counties of this State subject to approval of the State Director of Equalization in the Department of Education, are hereby authorized to set up the most ECONOMICAL system of transportation possible for the purpose of transporting both grade and high school pupils from their districts, and within their districts. The expense of such transportation shall be paid on the basis of budgetary need as indicated by approved State aid application, out of the funds herein allocated for transportation aid, not to exceed Two Dollars ($2.00) per month per pupil for those attending the most convenient accredited high school and not more than One Dollar ($1.00) per month per pupil for those transported to elementary schools;

Honorable L. A. Woods, page 5

"provided that if there be no convenient accredited high school, that such pupil may obtain like aid under the provisions of this Section when attending any near high school of higher classification than the sending district when designated by the County Board, provided that all school districts containing one hundred (100) square miles of territory or more may receive Two Dollars ($2.00) per month per pupil as transportation aid when there is a need shown therefor as provided herein and when same is recommended by the Director of Equalization and approved by the Joint Legislative Advisory Committee. In no instance may aid be granted for pupils transported who attend a grade in another school which grade is taught in such pupil's home district. . . ."

Reading Section 9, of H. B. No. 933, Acts 46th Legislature, and H. B. No. 158, Acts 44th Legislature, together, it will be seen that two elements enter into the payment of tuition by the State. First, the budgeted expenses and receipts of the sending district must be considered to determine whether such district is financially able to pay tuition, and if not, such tuition or a part thereof is paid by the State. Second, the pro rata cost of teaching in the receiving district must be determined in fixing the rate. This amount of tuition is paid by the State to reimburse the receiving district for the cost of teaching scholastics from other districts whose high school grades are not taught at home, and payment is made although the receiving district may not be a salary aid or transportation aid school. In such cases the balancing of the receiving district's budget may not enter into consideration. However, when a school entitled to tuition from the State seeks the other benefits of the rural aid law and financial assistance to maintain its schools for the prescribed length of term, it then assumes the burden of showing the necessity for such financial assistance. The statute requires that it submit a budget itemizing its expenditures and its receipts to substantiate its claim that it is operating at a deficit.

Section 9 provides that if the school is paid salary aid, which is the assistance determined first in point of time, the tuition to which it would have otherwise been entitled shall be reduced to an amount sufficient to balance its budget. This is but another way of providing that net salary aid benefits shall not exceed a balanced budget when all available money to maintain the school is considered as a resource or receipt, including tuition earned. The reason for this provision becomes obvious when it is noted that under Section 4 these transfers are included in determining the teacher — pupil load governing salary aid and prevents a duplication of the cost of teaching a particular pupil.

Apparently, your questions are occasioned by the fact that schools, realizing that by the express language of Section 9, they are precluded from receiving more money from the State than is necessary to balance their budget if salary aid is accepted, offer to accept only tuition and transportation aid in the belief that State assistance may then be demanded in excess of their actual needs as shown by the approved budget. We do not think such is a proper construction or application of the Act.

It is noted that your questions assume full payment of transportation aid and a reduction in tuition as is expressly provided with reference to salary aid. Section 9 does not provide for the reduction of tuition payments where transportation aid is granted, as is the case where salary aid is given; however, we call attention to Section 10 of the current Rural Aid Equalization Act. That section provides that transportation aid "shall be paid on the basis of budgetary need as indicated by approved State aid application . . ., not to exceed" certain amounts. It further provides that large districts may receive $2.00 per pupil "when there is a need shown therefor as provided herein and when same is recommended by the Director of Equalization and approved by the Joint Legislative Advisory Committee." These provisions clearly limit the amount of transportation aid to the financial needs of the various districts. A so-called waiver of salary aid, could not enable a district to draw transportation aid in excess of its needs in view of the limitations contained in Sections 10 and 13. To hold otherwise would be contrary to the express provisions quoted above and the spirit of the act as a whole. If for example, a non-salary aid school had a balance or surplus available for paying transportation costs after taking into consideration all revenues including earned tuition and all budgeted expenses, such surplus should be considered in determining the amount of transportation aid needed, as provided by Section 10.

Because of the nature of your questions, we have not attempted to give them a categorical answer, but trust that the foregoing sufficiently answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Cammack
Assistant

APPROVED
OPINION
COMMITTEE

APPROVED AUG 19, 1940
CHAIRMAN

CCC:AMM

FIRST ASSISTANT
ATTORNEY GENERAL